

DA 09-0605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 59N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DONNIE MACK SELLERS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 08-113
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Donnie Mack Sellers, self-represented, Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          George H. Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  March 2, 2011

Decided:  April 5, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donnie Mack Sellers (Sellers) was convicted by a jury in the Twenty-First Judicial District Court, Ravalli County, of five counts of felony arson. He was sentenced to five consecutive 15-year sentences at Montana State Prison, with no parole. Sellers appeals. We affirm.

¶3 Sellers raises four issues on appeal:

¶4 *Issue One: Did the District Court abuse its discretion when it denied Sellers' motion to change venue?*

¶5 Sellers appeals the denial of his Motion for Change of Venue, arguing that articles appearing in local newspapers inflamed the prejudice of the potential jurors so that he could not receive a fair trial. The State argues that voir dire showed that publicity had little effect on the prospective jurors, and the articles in question were not inflammatory.

¶6 We review a district court's ruling on a motion to change venue for an abuse of discretion. *State v. Devlin*, 2009 MT 18, ¶ 15, 349 Mont. 67, 201 P.3d 791. A district court abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Id*.

¶7     The defendant or the prosecution may move for a change of venue if "there exists in the county in which the charge is pending such prejudice that a fair trial cannot be had in the county." Section 46-13-203(1), MCA; *Devlin*, ¶ 16. When change of venue is sought due to allegedly prejudicial pretrial publicity, "the movant must show that the publicity complained of was inflammatory and that the publicity actually inflamed the prejudice of the community to such an extent that a reasonable possibility exists the accused may not receive a fair and impartial trial." *Devlin*, ¶ 17. Inflammatory publicity is:

> publicity which, by its nature, has the tendency to stir up in the community pervasive and strong passions of anger, hatred, indignation, revulsion, and upset such that there are reasonable grounds to believe that jurors chosen from this community could not determine the defendant's guilt or innocence in a fair and unbiased manner based solely upon the evidence admitted at trial.

*Id*. at ¶ 24. Simply because jurors know of the case, or have been exposed to publicity about the case, does not equate to prejudice. *Id*. at ¶ 32. " '[I]t is not required . . . that the jurors be totally ignorant of the facts and issues involved. . . . It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' " *Id*. (quoting *Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961)).

¶8     This issue is one of judicial discretion and, based upon the record as a whole, there was not an abuse of discretion. The District Court decided Sellers' motion after voir dire, which showed that publicity had little to no effect on the potential jurors, and the District Court was "liberal" in excusing anyone that expressed any preconceived notions.

¶9     *Issue Two: Did Sellers' prosecution for arson, subsequent to an involuntary commitment proceeding, violate his right to be free of double jeopardy?*

3

¶10 Sellers argues his involuntary commitment proceeding and his later criminal trial, which both used the same or similar evidence, violated his right to be free from double jeopardy.

¶11 We exercise plenary review of questions of constitutional law, such as a double jeopardy claim. *State v. Brooks*, 2010 MT 226, ¶ 11, 358 Mont. 51, 243 P.3d 405.

¶12 A person may not be placed in jeopardy more than once for the same offense. U.S. Const. amend. V; Mont. Const. art. II, § 25; *State v. Haagenson*, 2010 MT 95, ¶ 14, 356 Mont. 177, 232 P.3d 367. Generally, protections against double jeopardy apply to the imposition of multiple *criminal* punishments for the same offense. *Haagenson*, ¶ 14 (citing *Hudson v. United States*, 522 U.S. 93, 99 (1997) (emphasis in original)). Involuntary commitments are civil in nature. *In re Mental Health of T.M.*, 2004 MT 221, ¶ 7, 322 Mont. 394, 96 P.3d 1147. Because involuntary commitment proceedings are not punitive in nature, involuntary commitment proceedings do not violate double jeopardy. *See Kansas v. Hendricks*, 521 U.S. 346, 369 (1997) (punitive nature of proceedings is a prerequisite for a double jeopardy claim).

¶13 This issue is legal and is controlled by settled Montana law. Sellers' right to be free from double jeopardy was not violated. His involuntary commitment proceeding was not a criminal proceeding.

¶14 *Issue Three: Was there sufficient evidence to convict Sellers?*

¶15 Sellers raises numerous issues related to the evidence the State presented at his trial. He challenged the sufficiency of the State's evidence twice before, in a motion to dismiss the

4

information and a motion to dismiss for insufficient evidence at the close of the State's case. Both motions were denied.

¶16    We review de novo the district court's denial of a motion to dismiss for insufficient evidence at the close of the State's case. *State v. McWilliams*, 2008 MT 59, ¶ 37, 341 Mont. 517, 178 P.3d 121. The standard of review of sufficiency of the evidence on appeal is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Gunderson*, 2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74.

¶17    Determinations of the credibility and weight of testimony are within the exclusive province of the jury, and conflicting testimony does not render the evidence insufficient to support a guilty verdict. *McWilliams*, ¶ 37. We will not substitute our judgment for that of the jury and will assume every fact which the jury could have deduced from the evidence. *State v. Jackson*, 2009 MT 427, ¶ 23, 354 Mont. 63, 221 P.3d 1213. We review the jury's verdict only to determine whether sufficient evidence supports it, not whether the evidence supports a different conclusion or verdict. *Id*.

¶18    After reviewing the record, we find the jury's verdict is supported by substantial evidence. Sellers' conviction rests upon circumstantial evidence, which is sufficient to sustain a conviction if it is of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt, when all the facts and circumstances are considered collectively. *State v. Morrisey*, 2009 MT 201, ¶ 89, 351 Mont. 144, 214 P.3d

708. Sellers' arguments relate to the credibility and weight of the evidence, which are within the "exclusive province" of the jury. *McWilliams*, ¶ 37.

¶19 *Issue Four: Was Sellers' counsel ineffective?*

¶20 Sellers makes no cohesive argument regarding this issue, but rather makes several claims of ineffective assistance throughout his brief. We find that Sellers' ineffective assistance of counsel claim is best addressed in a petition for post-conviction relief, where a more thorough record can be developed as to why Sellers' trial counsel did or did not take the actions alleged to be ineffective assistance. *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We affirm for the reasons stated above.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE